## COOPER v. WILSON ET AL.

1. **Practice:** DISMISSAL AS TO PART OF CAUSES OF ACTION. Where
   plaintiff brought an action in three counts upon as many promissory
   notes, and sought a decree foreclosing a mortgage securing the notes, it
   was his privilege to dismiss as to two of the counts.

2. **Practice on Appeal:** LESS THAN $100. Where a plaintiff has dis-
   missed as to some of his causes of action, and less than $100 is left in
   controversy, and judgment is rendered therefor, the defendant cannot
   appeal to this court without the certificate of the trial judge.

*Appeal from Linn Circuit Court.*

THURSDAY, MARCH 10.

THIS is an appeal from a judgment and a decree for the foreclosure of a mortgage upon certain real estate.

*Geo. W. Wilson,* for appellants.

*Frank G. Clark,* for appellee.

ROTHROCK, J.—The plaintiff filed a petition in equity in three counts upon three separate promissory notes, and he demanded a decree for the foreclosure of a mortgage to secure the same. As to the first note, the defendant pleaded a tender of what he admitted to be due, and the difference between the tender and the amount claimed in that count of the petition was but a few dollars. The plaintiff dismissed his action as to the other notes, and the court rendered judgment against defendants on the first note for some eight or ten dollars more than the tender. Counsel for appellants appear to be dissatisfied because the plaintiff was permitted to dismiss his action as to the two last notes. We cannot understand why a plaintiff may not at any time withdraw or dismiss one or more of the causes of action in his petition. After the dismissal the amount in controversy, as shown by the pleadings, was less than $100, and appellants present this appeal without the certificate of the trial judge, as required by statute. In such case, the certificate is requisite to confer jurisdiction on the court. We cannot entertain the appeal.

DISMISSED.